UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN PASCAL (A No. 061 927 746), | No.  1:26-cv-0429 DAD CKD P |
| Petitioner, | |
| v. | |
| CHRISTOPHER CHESNUT, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that the petition be granted.

I. Facts

Petitioner is a citizen of Haiti.  ECF No. 15-1 at 5.  Petitioner was admitted into the United States on September 15, 2011.  Id. at 6.  On May 13, 2021, petitioner was convicted of 18 counts of alien smuggling for profit in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and one count of conspiracy to bring into the United States certain inadmissible aliens in violation of 8 U.S.C. § 1327.  Id. at 39.  He was ordered to serve 121 months in federal prison.  Id. at 41.  Petitioner has

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

been in ICE custody since at least October 15, 2024, on which date petitioner was informed he would remain in ICE custody for the duration of removal proceedings.  ECF No. 1 at 12, 18-1 at 2, 3-6.  Petitioner requested a hearing as to his custodial status.  ECF No. 18-1 at 3.  It does not appear one was ever provided.

On April 9, 2024, while petitioner was still in prison, petitioner was charged with being removable based upon his convictions and ordered to appear before an immigration judge on April 23, 2024.  Id. at 72.  Petitioner was found to be removable on November 13, 2024.  Id. at 76.  His appeal of that decision to the Board of Immigration Appeals was dismissed on May 23, 2025.  Id. at 81-83.  Petitioner's Ninth Circuit petition for review of the BIA's dismissal in case no. 25-3636 is submitted for decision.

Petitioner is housed at the California City ICE Detention Facility.  ECF No. 1 at 2.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Petitioner asks that the court order respondents to provide petitioner with a hearing which would result in petitioner's release unless it is shown that petitioner is a danger to the public or a flight risk.

/////

/////

As to statutory law petitioner is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), ECF No. 15-1 at 76, and, therefore, is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). Petitioner has no right to any sort of hearing as to his detention under statutory law.

Petitioner claims that the length of his detention, about 18 1/2 months at this point, amounts to arbitrary prolonged detention in violation of the Due Process Clause of the Fifth Amendment.  The Due Process Clause protects persons in the removal process from "arbitrary prolonged detention." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).  To determine whether petitioner received process due with respect to that protected liberty interest, the court utilizes the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976).  Under that test, the court considers the interests of both petitioner and the government at stake and the adequacy of procedures in place.  Mathews, 424 U.S. at 335.

Petitioner's considerable interest in being free from arbitrary prolonged detention is to a large extent self-evident and respondents do not point to anything suggesting petitioner's confinement is not akin to prison or jail.  Over and above the significant limit placed upon petitioner's liberty, petitioner is also forced to be away from his wife and three children.  ECF No. 1 at 53.

As for procedures in place, there do not appear to be any at this point which mitigate against arbitrary prolonged detention.  Petitioner has been in custody for 18 months with no end to mandatory custody under 8 U.S.C. § 1226(c)(1)(B) possible until the Ninth Circuit rules on petitioner's appeal.  Even when that happens there is no certainty mandatory custody under 8 U.S.C. § 1226(c)(1)(B) would be lifted by law.

The government has an interest in effectuating removal and protecting the public from persons convicted of crimes and petitioner remaining in mandatory detention serves both interests.  Demore v. Kim, 538 U.S. 510, 518 & 528, (2003).  Of course, it is also easier to keep petitioner in custody without any sort of hearing, but any interest the government has in not providing petitioner a hearing is significantly lessoned by the fact that immigration judges are in place to hold such hearings.  In other words, in ordering that a hearing be held, respondents would simply be required to hold hearings routinely held anyway.  In addition limiting detention serves

the government's interest by limiting the fiscal and administrative burdens attendant to immigration detention.  S.E. v. Noem, No. 1:26-cv-0356 DAD SCR, 2026 WL 206085, at *3 (E.D. Cal. Jan 27, 2026); see also Hernandez v. Sessions, 872 F.3d 976, 996 (9th Cir. 2017)  (As of  2017, "the costs to the public of immigration detention are staggering: $158 each day per detainee, amounting to a total daily cost of $6.5 million. Supervised release programs cost much less by comparison: between 17 cents and 17 dollars each day per person.").

Weighing all the factors, the court finds that petitioner's interest in avoiding arbitrary prolonged detention demands that absent a showing before an immigration judge by clear and convincing evidence that petitioner is either a flight risk or a danger to the community petitioner be released.  See Black v. Decker, 103 F.4th 133, 157 (2d. Cir. 2024) (unconstitutionally prolonged detention under 8 U.S.C. § 1226(c) requires that government bear burden of showing either flight risk or dangerousness by clear and convincing evidence).  Ultimately, the court understands that it is possible that petitioner could be subject to a final order of removal shortly. But, his being in detention for over a year-and-a-half without any sort of review now demands such review to determine if his detention violates the Constitution.

IV.  Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 1) be GRANTED.

2. Respondents be ordered to provide, within seven (7) days of adoption of these findings and recommendations, petitioner a bond hearing before an immigration judge at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention, and to file notice certifying compliance within (3) three days of the bond hearing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pasc0429.imm.frs

5