UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEAN PASCAL,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-00429-DAD-CKD

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 1, 19)

Petitioner Jean Pascal is a federal immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 19.) Specifically, the magistrate judge found that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B), but that his immigration detention has become prolonged.[1] (*Id.* at 2–4.) The magistrate judge utilized the *Mathews v. Eldridge*, 424 U.S. 319 (1976)

---

[1] Petitioner was ordered to serve 121 months in federal prison on May 18, 2018. (Doc. Nos. 19 at 1; 15-1 at 39.) Petitioner alleges that his sentence was reduced to 97 months on January 25, 2024, and that he was transferred to ICE custody after completing the service of his federal prison sentence on October 15, 2024. (Doc. Nos. 1 at 22; 18 at 14; 18-1 at 6.)

1

balancing test and determined that petitioner's prolonged detention absent a hearing before an immigration judge violates due process. (*Id.*) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4–5.)

On May 6, 2026, respondents filed their objections to the magistrate judge's findings and recommendations. (Doc. No. 20.) Rather than engage with the *Mathews* balancing test, respondents argue that the length of petitioner's detention does not violate due process because it is attributable to petitioner's decision to litigate his removal order. (*Id.* at 1–3.) Respondents largely rely on a single district court decision in which the court did not utilize the *Mathews* test and found that the ongoing removal proceedings were serving their intended purpose. *See Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, No. 1:24-cv-00919-HBK (HC), 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (noting the "myriad" of overlapping balancing tests applied "to determine whether a petitioner's due process rights under the Fifth Amendment were violated when they were not afforded a bond hearing while detained under § 1226(c)[]"), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025).

On May 20, 2026, petitioner filed a response to respondents' objections in which he argues that the approach adopted by the magistrate judge here, a case-by-case analysis which considers whether the duration and circumstances of detention have become excessive, is the appropriate approach. (Doc. No. 21 at 2–5.)

Judges in this district, including this one, have consistently applied the *Mathews* test in the immigration context, and specifically in cases involving detention pursuant to § 1226(c). *See S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026) (balancing the *Mathews* factors where the petitioner was purportedly detained pursuant to § 1226(c) and ordering a bond hearing); *Diep v. Wofford*, No. 1:24-cv-01238-SKO (HC), 2025 WL 604744 (E.D. Cal. Feb. 25, 2025) (same); *Alves Filho v. Warden, Mesa Verde Detention Facility*, No. 1:26-cv-02716-TLN-SCR, 2026 WL 1662656 (E.D. Cal. June 9, 2026) (finding that the *Mathews* test is appropriate for due process challenges to prolonged detention under § 1226(c)). The undersigned finds that the *Mathews* test is appropriately applied in this case.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on April 29, 2026 (Doc. No. 19) are ADOPTED IN FULL;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Within ten (10) days of the date of this order, respondents are ORDERED to provide petitioner with a bond hearing before an immigration judge, with at least three (3) days prior notice of the date of the hearing, at which hearing the government will bear the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 17, 2026**                                   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3